IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIO RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3158 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | and Motion |
| CASE WORKER ROSEVTHAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 13, the Motion for Leave to Proceed In Forma Pauperis ("IFP") filed by the plaintiff, Julio Ramos, a state prisoner. The Motion is granted, as the plaintiff is already proceeding IFP in this case (filing nos. 2 and 6).

**Initial Review**

The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation. In his Amended Complaint (filing no. 12), the plaintiff asserts civil rights claims pursuant to 42 U.S.C. § 1983, alleging excessive force by corrections officers, in violation of the Eighth Amendment to the U.S. Constitution. In § IV of his complaint, the plaintiff appears to have sued the defendants in both their individual and official capacities.

The Eighth Circuit Court of Appeals explained the principles governing prisoner claims of excessive force in Treats v. Morgan, 308 F.3d 868, 872 (8th Cir. 2002), as follows: "The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers, Whitley v. Albers, 475 U.S. 312, 319 ... (1986), regardless of whether an inmate suffers serious injury as a result. Hudson v. McMillian, 503 U.S. 1, 9 ... (1992). Officers are permitted to use force reasonably 'in a good-faith effort to maintain or restore discipline,' but force is not to be used 'maliciously and sadistically to cause harm.' Id. at 7.... Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. Id.  See also Hickey v. Reeder, 12 F.3d 754, 758 (8th Cir. 1993)." Accord Fillmore v. Page, 358 F.3d 496, 503-10 (7th Cir. 2004).

42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.[1]

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages. In addition, the plaintiff alleges physical injury.

### Service of Process

The plaintiff has named 3 defendants in their individual and official capacities. The Clerk of Court shall send the plaintiff 3 summons forms and 3 USM-285 forms for the defendants in their individual capacity.[2] An individual capacity defendant may be served with process at an address wherever the defendant can personally be found and will accept service of process himself /herself or through a person authorized to receive a summons on his or her behalf.[3] The Clerk of Court shall also send the plaintiff one more

---

[1] In Jones v. Bock, 127 S. Ct. 910, 921 (2007), the U.S. Supreme Court has recently clarified that exhaustion of remedies is an affirmative defense, that there is no "total exhaustion" rule with respect to claims; that the names of the defendants need not appear in administrative grievances, and that a plaintiff does not have to allege and demonstrate exhaustion in his or her complaint. While exhaustion of remedies serves important policy interests and indeed is mandated by the PLRA, there are occasions when the issue whether administrative remedies were truly "available" to an inmate may have to be deferred for resolution at trial. In this case, the plaintiff contends that he is illiterate in English, thereby raising the question whether his institution provided him with a Spanish version of the inmate handbook or otherwise explained exhaustion of grievance procedures to him in Spanish.

[2] Name only one *individual*-capacity defendant on a summons.

[3] Fed. R. Civ. P. 4(e) states:

(e) Service Upon Individuals Within a Judicial District of the United States. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

summons and one more USM-285 form for all of the defendants, collectively, in their official capacity.[4]

IT IS THEREFORE ORDERED:

1. As initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants. Because the plaintiff is proceeding IFP, the U.S. Marshal will undertake service of process, without cost to the plaintiff, after the plaintiff completes the appropriate forms.

2. The Clerk of Court shall send 4 summons forms and 4 USM-285 forms to the plaintiff together with a copy of this Order.

3. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of Court will sign each summons and forward it with a copy of the operative complaint to the U.S. Marshal for service of process. The Marshal shall serve each summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The court will copy the complaint for the Marshal.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120

---

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

[4]When completing forms for service of process on the State of Nebraska, state agencies and/or state employees in their *official* capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part: "(1) The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General." Thus, the fourth summons and USM-285 form may be addressed to "all defendants in their official capacity" c/o the Nebraska Attorney General's office at 2115 State Capitol, Lincoln, Nebraska 68509.

days of filing the complaint. However, because in this order the plaintiff is informed for the first time of that requirement, the plaintiff is granted, on the court's own motion, an extension of until 120 days from the date of this order to complete service of process. Failure to obtain service on a defendant within 120 days of the date of this order may result in dismissal of this matter as to such defendant.

6. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future communication to the court. Parties usually serve copies of documents on other parties by first class mail.

8. The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. If the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to all other parties to the case, the court will issue a Notice of Deficiency and might strike the plaintiff's communication from the record.

9. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

12. IMPORTANT NOTE: **Any pleading, letter or motion filed by the plaintiff with the court must bear the plaintiff's original signature**.

13. Filing no. 13, the plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP"), is granted, as the plaintiff is already proceeding IFP in this case.

DATED this 17th day of May, 2007.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge