IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIO RAMOS, | ) | Case No. 4:05CV3247 |
| | ) | |
| Plaintiff, | ) | |
| vs | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RANDY CROSBY, | ) | |
| MIKE KENNEY, | ) | |
| UNKNOWN CALVIN, | ) | |
| ROBERT HOUSTON, | ) | |
| DAVE HEINEMAN, | ) | |
| FRANK HOPKINS, | ) | |
| JOHN DOE DCS OFFICER, and | ) | |
| OFFICER DOUG JUNE, | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| JULIO RAMOS, | ) | Case No. 4:06CV3158 |
| | ) | |
| Plaintiff, | ) | |
| vs | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CASEWORKER ROSEVTHAL, | ) | |
| CPL. JUNE, and | ) | |
| CASEWORKER WELCH, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Julio Ramos, who is currently an inmate at the Nebraska State Penitentiary, has filed five pro se lawsuits in this court related to an incident that occurred on September 4, 2003, while he was being held at the Lincoln Correctional Center. Three of the cases have been dismissed without prejudice, as duplicative litigation, and Ramos has been relieved of his obligation to pay a filing fee in those three cases. Doug June, a corporal at the Lincoln Correctional Center who is a

defendant in the two remaining cases, has now moved for the dismissal of Case No. 4:06CV3158 and for the entry of summary judgment in Case No. 4:05CV3247. Ramos has not responded to either motion.

The motion to dismiss will be granted, but the motion for summary judgment will be denied. Also, on the court's own motion, Ramos will be required to show cause why each case should not be dismissed as against all other defendants.

Comparing the amended complaint in Case No. 4:06CV3158 (filing 12) to the second amended complaint in Case No. 4:05CV3247 (filing 41), I agree with June that the allegations made against him are nearly identical. I also agree that he must be dismissed from one of these cases. "Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time." *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001). Considering that June filed a motion for summary judgment in Case No. 4:05CV3247 before being summoned in Case No. 4:06CV3158, I will grant his motion to dismiss Case No. 4:06CV3158 without prejudice to Ramos' prosecution of the same claim alleged in Case No. 4:05CV3247.[1]

This dismissal will <u>not</u> affect the other two named defendants in Case No. 4:06CV3158, neither of whom has been named in Case No. 4:05CV2347. I note, however, that Ramos never requested the clerk to issue summonses for those two defendants, and that the time allowed by the court for completion of service in Case No. 4:06CV3158 has now expired.[2] Thus, Ramos will be ordered to show cause why

---

[1] Chief Judge Bataillon previously dismissed three other cases filed by Ramos (Case Nos. 4:06CV3052, 4:06CV3159, and 4:06CV3165), as being duplicative of Case No. 4:06CV3158, and then reassigned that case to me as being related to Case No. 4:05CV3247.

[2] An initial review of the amended complaint in Case No. 4:06CV3158 was performed by Magistrate Judge Gossett on May 17, 2007, and service of summons

Case No. 4:06CV3158 should not be dismissed against Caseworker Rosevthal (or Rosenthal) and Caseworker Welch.[3]

Regarding Case No. 4:05CV3247, June has moved for summary judgment based on Ramos' alleged failure to exhaust administrative remedies and also based on qualified immunity. Ramos has not responded, but this failing does not require the dismissal of his action. *See* NECivR 56.1(b)(2) ("Failure to file an opposing brief *alone* shall not be considered to be a confession of the motion; however, nothing in this rule shall excuse a party opposing a motion for summary judgment from meeting the party's burden under Federal Rule of Civil Procedure 56.") (emphasis in original). I conclude that June has not carried his burden as the moving party.

June's evidence establishes that the Nebraska Department of Correctional Services had a grievance procedure in place at the Lincoln Correctional Center as of June 6, 2003. (Filing 45, Exhibit 7.) However, Ramos alleges that he was unaware of the grievance procedure and cannot read English. June asserts in his brief that "Plaintiff was . . . supplied, upon orientation, with a translated version of Chapter 2 of the DCS Rules and Regulations, which details the grievance procedures" (filing 44, at 6), but there is no evidence to support this assertion.[4] I realize that DCS procedures required that Ramos be provided with a translated copy of the rules and regulations during orientation (filing 45, Exhibit 7, at 3-4), but when Ramos declares under penalty of perjury that he "was unaware that grieva[n]ces existed or that they

---

on the three defendants was then authorized, to be completed within 120 days. (Filing 15.)

[3] In the event that Ramos is able to show cause why Case No. 4:06CV3158 should not be dismissed as against both of the remaining defendants, I will likely order the case consolidated with Case No. 4:05CV3247. *See* Fed. R. Civ. P. 42(a).

[4] I also remind the Attorney General's office that a material fact such as this is to be identified in a separate section of the brief and substantiated with "pinpoint references" to the record. *See* NECivR 56.1(a).

-3-

were . . . required," and that his institution "does not provide Spanish context statutes, rules and regulations, etc.," (filing 41, at 9), it cannot simply be presumed that the orientation procedures were followed.[5] In other words, there is a genuine issue of material fact that precludes the entry of summary judgment based on Ramos' alleged failure to exhaust his administrative remedies.

There is also a genuine issue of material fact regarding June's qualified immunity defense. June has presented evidence which, if believed, would support a finding that he applied a reasonable amount of force to subdue Ramos, who was trying to avoid being taken to a holding cell by June after getting into an argument with Caseworker Rosenthal. June states in his affidavit that he wrapped both arms around Ramos from behind and, while Rosenthal held Ramos' head, lifted him up, tilted him to the left, and went down with him to the ground; June then rolled Ramos onto his stomach and handcuffed him. On the other hand, Ramos alleges in his second amended complaint, which is signed under penalty of perjury, that June suddenly attacked him from behind, smashed him into a wire mesh gate, and then threw him to the ground; Ramos also alleges that he suffered cuts and abrasions and injured his ribs.[6] In a previously filed affidavit (filing 28), Ramos also swore that he was already handcuffed when he was thrown to the ground and that the officer repeatedly hit him in the face. Because the actual circumstances surrounding June's use of force are in dispute, he is not entitled to qualified immunity.

> The Eighth Amendment bars correctional officers from imposing unnecessary and wanton pain on inmates, regardless of whether there is

---

[5] If June has some evidence which will conclusively establish that Ramos had knowledge of the grievance procedure, he may file another motion for summary judgment and provide such evidence for the court's consideration.

[6] Ramos received medical treatment immediately following the incident for a cut above the left ear and abrasions on his left cheek bone area and left shoulder. (Filing 41, at 4.)

-4-

> evidence of any significant injury. *See Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Officers may reasonably use force in a "good-faith effort to maintain or restore discipline" but may not apply force "maliciously and sadistically to cause harm." *Id.* at 7, 112 S.Ct. 995. The test for reasonableness or good faith application of force depends on "whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury." *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir.2002) (citing *Hudson*, 503 U.S. at 7, 112 S.Ct. 995).

*Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006).

"Whether a situation justifies the use of force to maintain or restore discipline is a fact specific issue that 'turns on the circumstances of the individual case or the particular "prison setting."'" *Id.* at 1113 (quoting *Treats*, 308 F.3d at 872, in turn quoting *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir.2000)). "Particularly when considering such fact specific issues, . . . it is important that a court adhere to the summary judgment standard, which requires that the court 'view the facts and the inferences to be drawn from them in the light most favorable to the nonmoving party.'" *Id.* (quoting *Wells Fargo Fin. Leasing, Inc. v. LMT Fette. Inc.*, 382 F.3d 852, 855-56 (8th Cir.2004)). "In qualified immunity cases, this usually means adopting . . . the plaintiff's version of the facts." *Scott v. Harris*, 127 S.Ct. 1769, 1775 (2007). Mindful of this summary judgment standard, I am unable to conclude as a matter of law that June did not knowingly violate Ramos' clearly established rights under the Eighth Amendment. The section 1983 claim brought against June in Case No. 4:05CV3247 therefore will be allowed to proceed.

When Case No. 4:05CV3247 was originally filed on September 23, 2005, the named defendants were Randy Crosby, Mike Kenney, Unknown Calvin, Robert Houston, Dave Heineman, Frank Hopkins, and a "John Doe DCS Officer". Ramos alleged that he "was sever[e]ly beaten by John Doe staff at L.C.C. about Sept. 4th

2003 for no reason in violation of 83-4114 and 8th & 14th Amendments and is presently being held in confinement at the Nebraska State Penitentiary for conduct which was subject of 418 U.S. 539 due process proceedings . . . [and he has] forfeited good time served in confinement . . . ." (Filing 1.) Motions to dismiss were filed by Crosby, Kenney, Houston, Heineman, and Hopkins, in their individual capacities only. (Filings 16, 25.) On April 24, 2006, I entered an order that denied the motions to dismiss but that directed Ramos to file an amended complaint. The order specified that the amended complaint "must name, in the caption, all of the defendants the plaintiff intends to sue, and next to each defendant's name, the plaintiff should state whether that defendant is sued in his or her 'individual capacity,' 'official capacity,' or 'individual and official capacities[.]'" (Filing 31, at 3.) Ramos was also instructed that the amended complaint "should explain what each defendant did that caused the plaintiff to sue that defendant." (*Id.*) On May 10, 2006, Ramos filed an amended complaint that identified the defendants only as "Randy Crosby, et al., . . . individual and official capacities." (Filing 32, at 1.) Crosby, Kenney, Houston, Heineman, and Hopkins, in their individual capacities, again moved to dismiss the action. (Filing 33.) I granted the motion to dismiss on January 1, 2007, stating that "the only actor against whom the plaintiff has stated a claim on which relief may be granted is Officer June, the person who beat the plaintiff as described in the Amended Complaint[,]" but that "the plaintiff has not sued Officer June[.]" (Filing 35, at 1.) I then gave Ramos 30 days "to name Officer June as a defendant, in his individual and official capacities." (*Id.*) I did not know at the time I granted further leave to amend that Ramos had already filed a separate action against June (Case No. 4:06CV3165, filed on July 11, 2006) plus three other related actions. In any event, Ramos filed an unsigned second amended complaint on January 12, 2007, followed by a signed (and modified) version on February 8, 2007. (Filings 36, 41.) June is the only defendant named in the second amended complaint(s).

Ramos appears to have abandoned any "official capacity" claim against Crosby, Kenney, Houston, Heineman, and Hopkins regarding his administrative confinement and forfeiture of good time. He has also failed to request the issuance

-6-

of a summons for Unknown Calvin.[7]  The court-ordered deadline for serving that defendant was April 17, 2006.  (Filing 30.)  Ramos therefore will be ordered to show cause why Case No. 4:05CV3247 should not be dismissed as against all defendants other than Doug June.

Accordingly,

IT IS ORDERED that:

1. In Case No. 4:06CV3158, Defendant Cpl. (Doug) June's motion to dismiss (filing 20) is granted, and such action is dismissed without prejudice as against Defendant Cpl. (Doug) June only.

2. In Case No. 4:05CV3247, Defendant Officer Doug June's motion for summary judgment (filing 43) is denied.

3. Plaintiff shall have until November 5, 2007, to show cause why Case No. 4:06CV3158 should not be dismissed as against all remaining defendants for failure to obtain service of process.  *See* Fed. R. Civ. P. 4(m).  In the absence of cause shown, Case No. 4:06CV3158 will be dismissed without prejudice and without further notice.

4. Plaintiff shall have until November 5, 2007, to show cause why Case No. 4:05CV3247 should not be dismissed as against all defendants except Officer Doug June. In the absence of cause shown, Case No. 4:05CV3247 will be dismissed without further notice as against all defendants other than Officer Doug June.  The dismissal will be with prejudice as against the defendants Randy Crosby, Mike Kenney, Robert

---

[7] "John Doe DCS Officer" presumably is Doug June.

Houston, Dave Heineman, Frank Hopkins, in their individual capacities only, but otherwise will be without prejudice.

5. The Clerk of the court is directed to set a pro se case management deadline both in Case No. 4:06CV3158 and in Case No. 4:05CV3247 using the following text: "November 5, 2007: Plaintiff's show cause deadline."

October 4, 2007.     BY THE COURT:

*s/Richard G. Kopf*
United States District Judge